UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAHEEM TARIQ,

                    Petitioner,

     v.

BRUCE SCOTT,

                    Respondent.

Case No. C25-2387-LK-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Faheem Tariq is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking a bond hearing. Dkt. 1. Petitioner, who is proceeding *pro se*, asserts that his continued detention without a bond hearing is unreasonable and he asks that the Court order an individualized bond hearing at which the government bears the burden of proving Petitioner is either a flight risk or a danger to the community by clear and convincing evidence. *See id*. The government has filed a return to the petition (Dkt. 5), together with the supporting declarations of ICE Deportation Officer Cheng Liu (Dkt. 6), and government counsel James C. Strong (Dkt. 7). Petitioner has

REPORT AND RECOMMENDATION
PAGE - 1

filed a traverse addressing the arguments set forth in the government's return (Dkt. 8), and this matter is now ripe for review.

The Court, having considered the parties' submissions and the governing law, concludes that Petitioner's federal habeas petition should be denied, and this action should be dismissed with prejudice.

## II.    BACKGROUND

Petitioner is a native and citizen of Pakistan who was admitted into the United States on a visitor visa on or about August 9, 2003. Liu Decl., ¶¶ 3, 4. Petitioner adjusted to lawful permanent resident status on or about June 23, 2006. *Id.*, ¶ 5.

On May 4, 2020, Petitioner was convicted of manufacturing/distributing a controlled dangerous substance or intent to manufacture/distribute a controlled dangerous substance in the Superior Court of New Jersey, Atlantic County, and he was sentenced to five years' probation. *See* Liu Decl., ¶ 6; Strong Decl., Ex. A. Petitioner thereafter took a trip abroad and, on February 6, 2023, he arrived back at Newark International Airport and applied for admission to the United States as a returning lawful permanent resident. Liu Decl., ¶ 7; Strong Decl., Ex. B at 4. U.S. Customs and Boarder Protection at Newark determined Petitioner was inadmissible based on his controlled substance conviction, and issued Petitioner a Notice to Appear charging him with being removable pursuant to §§ 212(a)(2)(A)(i)(I) and 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1182(a)(2)(A)(i)(I) and 1182(a)(2)(A)(i)(II). Liu Decl., ¶ 8; Strong Decl., Ex. B.

On October 16, 2024, Petitioner appeared for an individual merits hearing before an immigration judge ("IJ"). Liu Decl., ¶ 14; Strong Decl., Ex. C. The IJ found Petitioner removable, denied him cancellation of removal, and ordered he be removed to Pakistan. *Id.*

REPORT AND RECOMMENDATION
PAGE - 2

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and the BIA dismissed the appeal on April 25, 2025.  Liu Decl., ¶¶ 15, 16; Strong Decl., Ex. D.  Petitioner thereafter filed a petition for review with the United States Court of Appeals for the Third Circuit.  *Tariq v. Attorney General United States of America*, No. 25-2068 (filed June 3, 2025).

Petitioner filed a motion to stay his removal with the Third Circuit on June 4, 2025, and the Clerk of Court issued a temporary stay of removal on the same date.  *See Tariq*, No. 25-2068, Dkts. 8, 9.  On September 16, 2025, the Third Circuit denied Petitioner's motion to stay, vacated the temporary stay issued by the Clerk, and referred Respondent's motion for summary disposition to a merits panel.  *Id.*, Dkt. 13.  On December 9, 2025, Petitioner filed a renewed motion for stay of removal with the Third Circuit.  *See* Liu Decl., ¶ 23.  That motion was denied on January 9, 2026, on the same grounds as his first such motion, *i.e.*, because Petitioner had not shown a likelihood of success on the merits of his petition for review.  *See Tariq*, No. 25-2068, Dkts. 13, 19, 20.  Petitioner's petition for review remains pending before the Third Circuit at this time.

After the temporary stay was vacated by the Third Circuit on September 16, 2025, the ICE Office of Enforcement and Removal Operations began taking steps to obtain travel documents to effectuate Petitioner's removal to Pakistan.  Liu Decl., ¶¶ 18-22.  Petitioner's travel document package was submitted to the Pakistani consulate on December 6, 2025.  *Id.*, ¶ 22.

Petitioner filed his federal habeas petition on November 24, 2025.  *See* Dkt. 1.  Petitioner asserted therein that he was subject to mandatory detention under 8 U.S.C. § 1226(c), that his detention had become prolonged, and that he had not received a prior bond hearing.  *See* Dkt. 1.  Petitioner noted that this Court applies the multi-factor analysis set forth in *Martinez v. Clark*,

REPORT AND RECOMMENDATION
PAGE - 3

2019 WL 5968089, at *6-7 (W.D. Wash. May 23, 2019), to determine whether § 1226(c) detention has become unreasonable, and he argued that a majority of the *Martinez* factors weighed in his favor, and he should therefore be afforded an individualized bond hearing.  Dkt. 1 at 4-10.  The government argues in response that Petitioner is detained under 8 U.S.C. § 1231, that his detention has not become prolonged under that statutory provision, and that he is therefore not entitled to a bond hearing.  Dkt. 5 at 4-6.

### III.    DISCUSSION

The INA expressly permits the detention of noncitizens present in the United States during immigration proceedings, as well as the detention of noncitizens ordered removed during such proceedings.  *See* 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a).  Section 1226(c) governs the detention of noncitizens who fall into one of the enumerated categories involving criminal offenses and provides that detention is mandatory for such individuals until removal proceedings have concluded.  8 U.S.C. § 1226; *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).  Section 1231(a), in contrast, governs the detention and release of noncitizens who have been ordered removed.  Though Petitioner's petition for review remains pending in the Third Circuit, that court has declined to stay Petitioner's removal and, thus, his detention is currently governed by § 1231(a), not § 1226(c).  *See* 8 U.S.C § 1231(a)(1)(B)(ii).

Section 1231(a) provides that the Department of Homeland Security ("DHS") is required to detain a noncitizen during a 90-day "removal period."  8 U.S.C. § 1231(a)(2).  After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens, or to release them on supervision.  8 U.S.C. § 1231(a)(6).  Although § 1231(a)(6) authorizes ICE to detain noncitizens beyond the initial 90-day window, it cannot do so indefinitely.  *See Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).

REPORT AND RECOMMENDATION
PAGE - 4

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States. *Zadvydas*, 533 U.S. at 701. The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id*.

Petitioner's removal period began on September 16, 2025, when the Third Circuit vacated the temporary stay of removal issued by the Clerk and denied Petitioner's motion to stay removal, 8 U.S.C. § 1231(a)(1)(B)(ii), and the period ended 90-days later on December 15, 2025. The presumptively reasonable six-month period recognized in *Zadvydas*, will not expire until at least March 16, 2026. Petitioner's ongoing detention under § 1231(a) is therefore lawful and, thus, he is not entitled to the bond hearing he seeks by way of his federal habeas petition.

### IV.    CONCLUSION

For the foregoing reasons, this Court recommends Petitioner's federal habeas petition (Dkt. 1) be denied, and this action is dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 25, 2026**.

//

REPORT AND RECOMMENDATION
PAGE - 5

DATED this 4th day of February, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6