UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAHEEM TARIQ,<br><br>                 Petitioner,<br>   v.<br><br>BRUCE SCOTT,<br><br>                 Respondent. | CASE NO. 2:25-cv-02387-LK<br><br>ORDER ADOPTING R&R IN PART AND DECLINING TO ADOPT IN PART; DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Petitioner Faheem Tariq's Petition for Writ of Habeas Corpus, Dkt. No. 1, the Report and Recommendation ("R&R") of United States Magistrate Judge S. Kate Vaughan, Dkt. No. 9, Tariq's Objections to the R&R, Dkt. No. 20, and Tariq's Emergency Motion for Temporary Restraining Order, Stay of Removal, and Release from Custody, Dkt. No. 24. For the reasons stated below, the Court sustains in part Tariq's objections, adopts in part and declines to adopt in part the R&R, denies Tariq's petition on the merits, and denies his motion for a temporary restraining order as moot.[1]

---

[1] The Court declines to hold an evidentiary hearing because the record is sufficient for adjudication of the petition.

## I.    BACKGROUND

Tariq is a native and citizen of Pakistan. Dkt. No. 6 at 1. He was "admitted into the United States on a visitor visa" in 2003 and became a lawful permanent resident in 2006. *Id.* On May 4, 2020, he was convicted of Manufacturing/Distributing a Controlled Substance or Intent to Manufacture/Distribute a Controlled Substance in violation of New Jersey state law. *Id.* at 2. On February 6, 2023, he arrived at Newark International Airport "as an applicant for admission as a returning lawful permanent resident," where U.S. Customs and Border Protection determined that he was inadmissible to the United States based on his controlled substance conviction and issued him a Notice to Appear, charging him as removable under Sections 212(a)(2)(A)(i)(I) and 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act ("INA"). *Id.*

On the same day, Tariq was released from custody "pending his scheduled hearing before the Newark Immigration Court," *id.*; *see also* Dkt. No. 7-2 at 2–3, which was set for September 30, 2024, Dkt. No. 7-2 at 2. On March 12, 2024, U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") "encountered and arrested [Tariq] without incident at his residence," transported him to an ERO processing center, and then detained him "throughout his removal proceedings." Dkt. No. 6 at 2.

On October 16, 2024, an Immigration Judge found Tariq removable to Pakistan under Sections 212(a)(2)(A)(i)(I) and 212(a)(2)(A)(i)(II) of the INA, denied him cancellation of removal due to his criminal conviction in New Jersey, and ordered him removed to Pakistan. Dkt. No. 7-3 at 2–3, 6–7; *see also* Dkt. No. 6 at 2–3. Tariq appealed the IJ's order to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on April 25, 2025, concluding that Tariq "did not carry his burden to prove that he has not been convicted of any aggravated felony, as required by

*See Owino v. Napolitano*, 575 F.3d 952, 954 (9th Cir. 2009) (holding that "the district court must hold an evidentiary hearing" where "the record is insufficient to decide whether [the petitioner's] detention is authorized[.]").

ORDER ADOPTING R&R IN PART AND DECLINING TO ADOPT IN PART; DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

section 240A(a)(3) of the INA." Dkt. No. 7-4 at 6. Tariq then filed a petition for review and motion for stay in the United States Court of Appeals for the Third Circuit, and the Clerk of Court temporarily granted the motion for stay of removal "in accordance with the Standing Order of the Court" on June 4, 2025, thereby staying removal "until such time as the Court c[ould] consider the motion for stay of removal." *Tariq v. Att'y Gen. United States of Am.*, No. 25-2068, Dkt. No. 9 at 3 (3d Cir. June 4, 2025). On September 16, 2026, the Third Circuit denied Tariq's motion for stay of removal and vacated the temporary administrative stay of removal. *Id.*, Dkt. No. 13 (3d Cir. Sept. 16, 2025).

The next day, ERO "spoke with [Tariq] and provided a travel document application for Pakistan," which he subsequently completed and returned to ERO. Dkt. No. 6 at 3. On November 15, 2025, ERO submitted the completed travel document request ("TDR") to ERO Headquarters "for review and approval," and it was approved the next day. *Id.* On December 6, 2025, the TDR packet was submitted to the Pakistani consulate, *id.*, and on April 27, 2026, ERO received "a valid travel document for [Tariq] to Pakistan," Dkt. No. 22 at 2. Respondent[2] submitted a copy of this travel document to the Court, Dkt. No. 23-1, and represent that "ERO is now making removal plans for [Tariq] and intends to remove [him] in the normal course," Dkt. No. 22 at 2.[3]

---

[2] Although Bruce Scott, the warden of the NWIPC, has not appeared in this case, (1) the purpose of naming the petitioner's custodian is to effectuate injunctive relief where appropriate, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary" (citation modified)); and (2) the federal government often represents the warden's interests, as it does in this case, *see Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024) ("Even in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained.").

[3] On December 1, 2025, Tariq filed a "Renewed Motion for a Stay of Removal" with the Third Circuit, *Tariq v. Attorney General United States of America*, No. 25-2068, Dkt. No. 19 (3d Cir. Dec. 1, 2025), which was denied, *id.*, Dkt. No. 20 (3d Cir. Jan. 9, 2026). Tariq has since filed a motion for an extension of time to file his appellate brief, *id.*, Dkt. No. 25, a motion for leave to file a corrected brief, *id.*, Dkt. No 30, a renewed motion for a stay of removal, *id.*, Dkt. No. 27 (which was denied on March 9, 2026, *id.*, Dkt. No. 29), a motion for an extension of time to file his reply brief, *id.*, Dkt. No. 38, and another renewed motion for a stay of removal, *id.*, Dkt. No. 42, which is still pending.

ORDER ADOPTING R&R IN PART AND DECLINING TO ADOPT IN PART; DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3

On November 24, 2025—after the Third Circuit lifted the stay of removal but before ERO submitted the TDR to Pakistan—Tariq filed a pro se petition for a writ of habeas corpus. Dkt. No. 1. At that time, he was detained at the Northwest ICE Processing Center in Tacoma, Washington. *Id.* at 1. He was subsequently moved to different ICE facilities, *see* Dkt. Nos. 10–17, and is currently detained at the Pine Prairie Correctional Facility in Pine Prairie, Louisiana, *see* Dkt. No. 24 at 1. Tariq's petition alleged that his "term of mandatory pre-removal detention [under 8 U.S.C. 1226(c)] has exceeded constitutional reasonableness such that a bond hearing is required by due process." Dkt. No. 1 at 2. In its return, Respondent argued that Tariq was not detained under Section 1226(c) but rather 8 U.S.C. § 1231 "as a noncitizen with a final removal order," and his "detention ha[d] not yet become prolonged as set forth in *Zadvydas*" because "the presumptive six-month period under *Zadvydas* does not expire until March 2026 at the earliest." Dkt. No. 5 at 4, 6.

Judge Vaughan issued an R&R on February 4, 2026, concluding that Tariq is detained under 8 U.S.C. § 1231 and recommending that his petition be denied because the "presumptively reasonable six-month period recognized in *Zadvydas*, [would] not expire until at least March 16, 2026." Dkt. No. 9 at 5. Around this time, Tariq was relocated to different detention facilities, so his mail from the court was repeatedly returned to sender and the R&R did not reach him until after March 16, 2026. *See* Dkt. Nos. 10–17. The Court extended the deadline for Tariq to file objections to the R&R, Dkt. No. 17, and received his objections on April 29, 2026, Dkt. No. 20. Respondent timely filed a response. Dkt. No. 21.[4]

On May 22, 2026, Tariq filed a motion for temporary restraining order ("TRO"), seeking "an emergency stay of removal" and release from custody. Dkt. No. 24 at 2. He sought "time-

---

[4] Prior to filing his objections, Tariq filed a Motion to Vacate Judgment in which he stated that this Court had entered judgment on April 4, 2026, prior to the objection deadline. Dkt. No. 16 at 2. The Court denied this motion as premature because "[n]o judgment has been entered in this case." Dkt. No. 17 at 2.

ORDER ADOPTING R&R IN PART AND DECLINING TO ADOPT IN PART; DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 4

sensitive relief because removal may occur on short notice[.]" *Id.* The Court ordered Respondent to file a response to the TRO within 48 hours, *see* LCR 65(b)(5), but permitted it to respond by May 29, 2026 if it agreed "not to transfer or remove [Tariq] during the pendency of [the TRO] motion[.]" Dkt. No. 25. Respondent notified the Court that it would not transfer or remove Tariq during the pendency of the TRO motion, Dkt. No. 26, and filed a response to the motion on May 29, Dkt. No. 27.

## II.   DISCUSSION

### A.   Legal Standards

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also id.* ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has

ORDER ADOPTING R&R IN PART AND DECLINING TO ADOPT IN PART; DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 5

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas*, 533 U.S. at 687.

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process protections extend to deportation proceedings, but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

When a final order of removal has been entered, a noncitizen enters a 90-day "removal period." 8 U.S.C. § 1231(a)(1). To ensure a noncitizen's presence for removal and to protect the community from noncitizens who may present a danger, Congress mandated detention during the 90-day "removal period." 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) authorizes ICE to continue detention of noncitizens after the expiration of the removal period. 8 U.S.C. § 1231(a)(6). Although there is no statutory time limit on detention pursuant to Section 1231(a)(6), the Supreme Court has held that a noncitizen may be detained only "for a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas*, 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* Section 1231(a)(6) thus "requir[es] release from long-term detention" when there is no significant likelihood of removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 583 U.S. 281, 311 (2018) (citation modified).

### III.   DISCUSSION

The parties appear to agree with Judge Vaughan's conclusion that Tariq is subject to 8 U.S.C. § 1231(a)(6). *See* Dkt. No. 20 at 3 (Tariq arguing that it is "no longer the case" that his detention "under § 1231" did not exceed the six-month presumptively reasonable period under *Zadvydas*); Dkt. No. 21 at 1. The Court agrees and adopts the R&R's conclusion that Tariq is subject to Section 1231(a)(6).

Judge Vaughan concluded that Tariq's detention was lawful because "[t]he presumptively reasonable six-month period recognized in *Zadvydas*, [would] not expire until at least March 16, 2026." Dkt. No. 9 at 5. Tariq objects to "[t]he timing assumptions relied upon in the [R&R]," claiming they are "no longer accurate." Dkt. No. 20 at 3. Specifically, he avers that the R&R "recommends denial largely because it concluded Petitioner's detention under § 1231 had not yet exceeded the presumptively reasonable six-month period identified in *Zadvydas v. Davis*, 533 U.S. 678 (2001)," but "[t]hat is no longer the case." *Id.* at 3. He argues that there is "good reason to believe removal is not significantly likely in the reasonably foreseeable future," and alternatively,

ORDER ADOPTING R&R IN PART AND DECLINING TO ADOPT IN PART; DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 7

"due process requires an individualized hearing under the prolonged-detention framework applied in this District." *Id.* at 4–6.

As to the former argument, Tariq avers that "no travel document has issued" because "Pakistani authorities will not issue travel documents while [his] petition for review remains pending in the Third Circuit." *Id.* at 5. He argues that "the absence of travel documents under these circumstances supplies good reason to believe removal is not significantly likely in the reasonably foreseeable future." *Id.* As to his other argument, Tariq asserts that an individualized hearing is appropriate under the factors listed in *Martinez v. Clark*, 2019 WL 5968089 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019). *Id.* at 5–6.

Respondent argues that the Court should overrule Tariq's objections because his continued detention under 8 U.S.C. § 1231(a)(6) pending his removal "is lawful and he cannot meet his burden to show that there is not a substantial likelihood of removal in the reasonably foreseeable future." Dkt. No. 21 at 1. Additionally, Respondent provides updated information regarding "ICE's efforts to secure [Tariq's] removal since the filing of the habeas petition," *id.* at 1–2: "[o]n April 27, 2026, ERO received a valid travel document for Petitioner to Pakistan." Dkt. No. 22 at 2; *see also* Dkt. No. 23-1 (travel document). Respondent avers that "ERO is now making removal plans for [Tariq] and intends to remove [him] in the normal course," meaning "there is significant likelihood of removal in the reasonably foreseeable future." Dkt. No. 22 at 2.

The Court agrees with Tariq that "[t]he timing assumptions relied upon in the [R&R] are . . . no longer accurate." Dkt. No. 20 at 3. Although the R&R is correct in finding that the presumptively reasonable six-month period recognized in *Zadvydas* would not expire "until at least March 16, 2026," the six-month period expired during the delay in getting the R&R to Tariq, so the Court declines to adopt the R&R's conclusion that Tariq's "ongoing detention under § 1231(a)

ORDER ADOPTING R&R IN PART AND DECLINING TO ADOPT IN PART; DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 8

is [] lawful" because the six-month period had not yet elapsed. Dkt. No. 9 at 5. As requested by Tariq, Dkt. No. 20 at 7, the Court will conduct its own analysis under *Zadvydas* based on the current record.

Considering the record as a whole, the facts do not demonstrate that there is "no significant likelihood of [Tariq's] removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Tariq has been detained for approximately nine months since the Third Circuit vacated its stay— three months beyond the presumptively reasonable six-month period recognized in *Zadvydas*. During that time, the government has been working to secure travel documents for him. *See* Dkt. No. 22 at 2. There is no evidence, contrary to Tariq's assertion, that "Pakistani authorities will not issue travel documents while [his] petition for review remains pending in the Third Circuit." Dkt. No. 20 at 5. Indeed, as of April 27, 2026, ERO has successfully obtained "a valid travel document for [Tariq] to Pakistan." Dkt. No. 22 at 2.

Moreover, Respondent has documented consistent efforts towards securing Tariq's removal since the Third Circuit vacated its stay: on September 17, 2025, ERO requested that Tariq complete the travel document application; on November 15, 2025, "ERO submitted the completed [TDR] packet to ERO HQ for review and approval," and ERO HQ approved it the next day; on December 6, 2025, "the TDR packet was submitted to the Pakistani consulate"; and on April 27, 2026, "ERO received a valid travel document for [Tariq] to Pakistan." Dkt. No. 6 at 3; Dkt. No. 22 at 2. Respondent now avers that ERO is "making removal plans" for Tariq and "intends to remove [him] in the normal course." Dkt. No. 22 at 2. Given ERO's consistent efforts towards completing removal, and the significant step of receiving a travel document, it appears reasonably likely that ERO will effect Tariq's removal soon. Indeed, Tariq represents to the Court in his motion for a TRO that this removal may happen "on short notice." Dkt. No. 24 at 2. These facts— along with Tariq's representations in his motion for a TRO, *id.*, do not demonstrate that there is

ORDER ADOPTING R&R IN PART AND DECLINING TO ADOPT IN PART; DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 9

"no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *see also Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008) (detention not indefinite when "[t]here is no evidence, for example, that Senegal would refuse to accept [Petitioner], or that his removal is barred by our own laws"). That Tariq's detention "[does] not have a certain end date does not change the analysis" at this time. *Diouf*, 542 F.3d at 1233. Therefore, the Court concludes that Tariq is not entitled to relief under *Zadvydas*.[5]

## IV.   CONCLUSION

For the reasons stated below, the petition for a writ of habeas corpus, Dkt. No. 1, is DENIED and the motion for a temporary restraining order, Dkt. No. 24, is DENIED as moot.

The Clerk is directed to close this case.

Dated this 12th day of June, 2026.

Lauren King
United States District Judge

---

[5] As for Tariq's request that the Court "evaluate[] the reasonableness of [his] prolonged civil immigration detention" using the "multi-factor test" set out in *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6–7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019), the Court declines to do so. Dkt. No. 20 at 5–6. Even assuming without deciding that the *Martinez* test is applicable to noncitizens subject to 8 U.S.C. § 1231(a), the Court would deny relief for the same reasons discussed above in the *Zadvydas* analysis.

ORDER ADOPTING R&R IN PART AND DECLINING TO ADOPT IN PART; DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 10